PER CURIAM.
Common law certiorari is here sought to review an order of the Circuit Court in and for Volusia County quashing, inter alia, an appeal to that court from a final judgment entered in the County Court of Volusia County.
A “Statement of claim” was filed in the County Court of Volusia County wherein the plaintiff was designated as “Edward T. Holder (not Inc.) d/b/a Inex Co.” and the defendant was designated as “Thomas A. Thomas, Jr., President, d/b/a T & D Karate Studios, Inc.” There is nothing in the statement of claim to indicate that the plaintiff intended to sue multiple defendants nor is it clear from the statement of claim whether it was intended that Thomas A. Thomas, Jr., be the defendant or whether it was intended that T & D Karate Studios, Inc., be the defendant. That portion of the statement of claim which is typed, as distinguished from printed form, designates the defendant in the singular. The Sheriff’s return alleges that'service of process was obtained by “delivering a true copy of the [summons] * * * to Ron Jackson as agent of said corporation in the absence of any superior officer as defined in F.S. 48.081”. Venue was attacked by a motion to dismiss filed on behalf of “Thomas A. Thomas, Jr., d/b/a T & D Karate Studios, Inc.”. Attached to that motion was an affidavit alleging that “defendant’s place of business and all places of business owned and/or operated by defendant herein are located within Broward County, Florida.” There is nothing in the record to reflect whether the motion to dismiss and attached affidavit were intended to relate to Thomas A. Thomas, Jr., as an individual or to T & D Karate Studios, Inc. Indeed, there is nothing in the record to indicate whether or not T & D Karate Studios, Inc. is a corporation, except the Sheriff’s return which contained the recital above quoted. The record before us does contain a copy of a letter from one of petitioner’s attorneys addressed to Inex Corporation which letter implies corporate existence under the name of T & D Karate of Davie, Inc. Other portions of the record also reflect the existence of such a corporation. The County Court denied the motion to dismiss and entered a final judgment against “Thomas A. Thomas, Jr. and T & D Karate Studios, Inc., a/k/a T & D Karate of Davie, a/k/a T & D Karate of David, Inc.”
In the meantime a complaint was filed in the County Court of Broward County by Thomas A. Thomas, Jr. and T & D Karate of Davie, Inc. against Edward T. Holder, d/b/a Inex Company and a timely appeal was taken to the Circuit Court from the final judgment entered by- the County Court of Volusia County above mentioned.
On April 27,1978 the Circuit Court in and for Volusia County, acting in its appellate capacity, entered an order, without explanation, quashing the appeal and restraining further prosecution of the action which had been commenced in Broward County. Timely petition for certiorari was filed in this Court.
Although, as above recited, the Circuit Court’s order of quashal is silent as to the reasons therefor, we find no provision in either the current or former rules regulating appellate procedure providing for the quashing of an appeal on any ground other than frivolousness. On the state of this record, the material portions of which are above mentioned, clearly the appeal to the Circuit Court was not frivolous. The record does- not reveal whether the County Court action in Volusia County was against one defendant or two and if one then whether a natural person or a corporation. The record does not reveal any service of process upon Thomas A. Thomas, Jr., individually. An attack on jurisdiction in the absence of service of process can hardly be called frivolous. Neither does the record reveal, though an issue is made, whether or not in fact Ron Jackson was an agent of T & D Karate Studios, Inc., assuming a corporation by that name even exists. Whether or not a Circuit Court acting in its appeilate capacity has authority to enjoin prosecution of an action in another county when such injunction is not in any manner related to the county court judgment being appealed *1073 is an issue which we need not address since petitioner, though mentioning it, has not argued it here. Neither are we in a position to resolve the venue issue since the record is insufficient to establish whether the defendant in the County Court of Volu-sia County was an individual or a corporation.
The record before us reflects that the learned circuit judge did indeed depart from the essential requirements of law thereby affording a basis for common law certiorari jurisdiction in this court. The petition for common law certiorari is granted, the order of the Circuit Court for Volu-sia County dated April 27, 1978 is quashed and this case is remanded for further proceedings consistent with the Florida Rules of Appellate Procedure and this opinion.
IT IS SO ORDERED.
McCORD, C. J., and BOYER and MELVIN, JJ., concur.